# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6710 | **DATE** | 11/29/2000 |
| **CASE TITLE** | Eugene Phillips et al. Vs. Village of Riverdale et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We grant plaintiffs' petitions to proceed in forma pauperis with their claims for injunctive relief and their claim for monetary relief against the officers, but we dismiss their claim for monetary relief against the Village.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 30 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 NOV 30 AM 9:05 | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EUGENE PHILLIPS, MARY JENKINS, )
)
Plaintiffs, )
)
vs. ) No. 00 C 6710
)
VILLAGE OF RIVERDALE, )
ST. BREZAKE, etc., and OFFICER )
GRAZIANO, etc., )
)
Defendants. )

DOCKETED
NOV 3 0 2000

## MEMORANDUM OPINION AND ORDER

Plaintiffs Eugene Phillips and Mary Jenkins bring this action against defendants Sgt. Brezake and Officer Graziano, both of the Riverdale Police Department, and the Village of Riverdale, alleging violation of their Fourth and Fourteenth Amendment rights under the United States Constitution. Along with their complaint, plaintiffs have filed applications to proceed *in forma pauperis*. For the reasons set forth below, plaintiffs' petitions are granted.

On November 21, 2000, we issued an order dismissing plaintiffs' original complaint without prejudice. Plaintiffs filed an amended complaint on November 27 and may have cured most of the defects we noted.

As we found in our prior opinion, plaintiffs have established their inability to pay court fees. But our inquiry does not end with a finding of indigency. Under 28 U.S.C. § 1915, we must conduct an initial review of the plaintiffs' claims and dismiss the action if we find that (1) the action is frivolous or malicious, (2) it fails to state a claim on which relief may be granted, or (3) petitioner seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994).



We apply the same standards as if this were an ordinary dismissal under Fed.R.Civ.P. 12(b)(6). *See* Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).

Plaintiffs claim that defendant violated their Fourth and Fourteenth Amendment rights when police entered their home without a warrant and arrested them without cause. The officers purported to arrest plaintiffs for violating the Village's code regarding owning unlicensed dogs, and exceeding a maximum number of pets. Plaintiffs assert that these are not "arrestable offenses" and that the officers used excessive force during the arrest. Although plaintiffs cite only to the Constitution as legal authority, their allegations have the markings of a straightforward section 1983 claim. Therefore, we will construe the complaint as being brought pursuant to 42 U.S.C. § 1983. *See* Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999) (court should construe *pro se* pleadings liberally).

As always, we accept all well-pleaded facts as true. *See* Turner/Ozanne v. Hyman/Power, 111 F.3d 1312, 1319 (7th Cir. 1999). We should only dismiss a claim if "it appears beyond doubt that [plaintiff] can prove no set of facts in support of his claim entitling him to relief." Colfax Corp. v. Illinois State Toll Highway Authority, 79 F.3d 631, 632 (7th Cir. 1996). It is now clear that plaintiffs seek both monetary and injunctive relief against both the individual officers and the municipality. The amended complaint does state a viable section 1983 claim against the individual officers. It alleges that the officers entered the premises, arrested plaintiffs, detained them for an extended period and used improper force, all without cause. If plaintiffs are able to prove these allegations, they may well be entitled to relief.

The amended complaint also provides more detail as to why injunctive relief might be justified here. Plaintiffs have alleged at least two separate incidents with the police, May 9 and

June 20, 2000.¹ They also claim that, even after arresting plaintiffs, the officers then re-entered the house while plaintiffs remained in custody. Finally, the amended complaint also appears to refer to an attempt by defendants, without probable cause, to have the house demolished. Although these allegations are vague, they are sufficient at this point in the litigation. It is conceivable that plaintiffs will be able to establish facts indicating a "real and immediate threat" of future injury. *See* City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). Accepting the allegations as true, we cannot say it is merely conjecture that the police will search or otherwise interfere with plaintiffs' home again.

The amended complaint still fails to state a claim for damages against the Village. As we discussed in our prior opinion, under Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978), a municipality is not subject to section 1983 liability unless the constitutional injury at issue resulted from the execution of an official municipal policy. Therefore, plaintiffs must allege that they were deprived of their constitutional rights as a result of (1) an express policy; (2) a widespread practice that, although not authorized by an express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) the conduct of a person with final policymaking authority. Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 734-35 (7th Cir. 1994). Plaintiffs' complaints do not make any such allegations. Monell specifically rejects *respondeat superior* liability for municipalities. *See* 436 U.S. at 691.

---

¹ We are still confused about the dates here. The original complaint alleges facts occurring on May 10, 2000, the initial amended complaint refers to June 9, 2000, and now plaintiffs cite May 9 and June 20, 2000. These discrepancies are not fatal at this point, but plaintiffs will eventually have to clarify exactly what happened when.

The amended complaint is far from a model of clarity, but we think that it is sufficient to at least require a response by the defendants, whether by motion or on the merits. For the reasons set forth above, we grant plaintiffs' petitions to proceed *in forma pauperis* with their claims for injunctive relief and their claim for monetary relief against the officers, but we dismiss their claim for monetary relief against the Village.

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 29, 2000.