# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 6710 | DATE | 5/29/2001 |
| CASE TITLE | Eugene Phillips et al. Vs. Sgt. Brezek et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff have filed an amended complaint and defendants move to dismiss and for a more definite statement. We grant that motion in part and deny in part. Accordingly, the Village of Riverdale is dismissed, the defamation claim is dismissed, and the suit may proceed as a Section 1983 and malicious prosecution claim against the officers. The motion for a more definite statement is denied. Status hearing set for May 30, 2001 at 9:45am. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 30 2001 | |
| | Notified counsel by telephone. | date docketed | 25 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail A 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

FILED FOR DOCKETING
01 MAY 30 AM 8:29

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EUGENE PHILLIPS and MARY JENKINS, )
)
Plaintiffs, )
)
vs. ) No. 00 C 6710
)
SGT. BREZEK and OFFICER GRAZIANO, )
)
Defendants. )

**DOCKETED**

**MAY 3 0 2001**

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed an amended complaint and defendants move to dismiss and for a more definite statement. We grant that motion in part and deny it in part.

The amended complaint is not really that; it is more like a motion for reconsideration of our ruling dismissing any damages claim against the Village of Riverdale. And that we deny. Plaintiffs attempt to link a village policy of permitting municipal employees to live other than in the village and an alleged policy of not providing copies of complaints against the police department with their arrest relating to their keeping dogs at their residence. That is just too much of a leap.

The defendant officers also move to dismiss, but in doing so they take the plaintiffs at their word: that the amended complaint is what it purports to be and is the universe of their claims. We disagree. The plaintiffs' pleadings are less comprehensible than most *pro se* filings, but we think the dimensions of the dispute can be gleaned from them. The defendants also have the benefit of the record established by the arrests and subsequent proceedings. What we have, in essence, is a claim that the two officers entered upon plaintiffs' property



without a warrant and arrested them without probable cause, a typical Fourth Amendment §1983 action. At least we think they claim that Officer Graziano was with Sgt. Brezek when the plaintiffs were arrested, although that is not as clear as it could be. Plaintiffs have also represented that they are now seeking damages only, not injunctive relief. They also purport to state malicious prosecution and defamation claims, which the officers move to dismiss. We think there is a kernel of a malicious prosecution claim, as the plaintiffs do claim that they were arrested without probable cause, that they had to go to court to defend against the prosecution, and that the charges were dropped. For now, we deny the motion to dismiss the claim of malicious prosecution. We see no basis, however, for a defamation claim. Perhaps plaintiffs are attacking the officers' testimony, but that is privileged. The motion to dismiss the defamation claim is granted.

Accordingly, the Village of Riverdale is dismissed, the defamation claim is dismissed, and the suit may proceed as a §1983 and malicious prosecution claim against the officers. The motion for a more definite statement is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 29, 2001.