# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6710 | **DATE** | 4/16/2002 |
| **CASE TITLE** | Phillips, et al. vs. Village of Riverdale, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. This Court enters judgment in favor of Defendants, Sergeant Leonard Brezek and Officer Richard Graziano, and against Plaintiffs, Eugene Phillips and Mary Jenkins, on Plaintiffs' complaint. Defendants are also awarded court costs.
Trial ends - Bench

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 17 2002 | |
| | Notified counsel by telephone. | | date docketed | 39 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/15/2002 | |
| DK | courtroom deputy's initials | 02 APR 16 PM 4:37 | date mailed notice DK | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
APR 17 2002

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EUGENE PHILLIPS and MARY JENKINS, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 00 C 6710<br>) |
| v. | ) Magistrate Judge Morton Denlow<br>) |
| SERGEANT LEONARD BREZEK and OFFICER RICHARD GRAZIANO, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The Court conducted a one-day bench trial on March 25, 2002, to consider the *pro se* claims of Eugene Phillips ("Phillips") and his mother, Mary Jenkins ("Jenkins") (collectively "Plaintiffs") that Sergeant Leonard Brezek ("Brezek") and Officer Richard Graziano ("Graziano") (collectively "Defendants") violated Plaintiffs' civil rights by arresting them without probable cause and maliciously prosecuting them. In addition to denying the underlying claims, Defendants also assert the affirmative defenses of qualified immunity, absolute witness immunity, public official immunity and immunity under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 *et seq.*

The Court has carefully considered the testimony of the seven witnesses who appeared at trial, the exhibits introduced into evidence, the written submissions and closing arguments

of the parties. The following constitute the Court's findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure. To the extent certain findings may be deemed conclusions of law, they shall also be considered conclusions. Similarly, to the extent matters contained in the conclusions of law may be deemed findings of fact, they shall also be considered findings.

## I. FINDINGS OF FACT

### A. THE PARTIES AND WITNESSES

1. Plaintiffs resided at a single family home located at 13924 South Michigan Avenue in Riverdale, Illinois since approximately 1991. For a number of years leading up to the events of May 22, 2000, Plaintiffs' backyard was overgrown with weeds, littered with junk and debris, and populated by a number of dogs and cats who roamed the alley and were a nuisance to neighbors. Both Plaintiffs testified at the trial, and the Court finds their testimony not to be credible on the central issue of the case dealing with the conduct of the police officers.

2. Officer Richard Graziano has worked as a patrol officer for the Village of Riverdale since 1999. He was familiar with Plaintiffs, having been dispatched to their house on several occasions prior to May 22, 2000, to deal with neighborhood complaints concerning Plaintiffs' dogs and debris. Graziano testified at the trial and the Court finds his testimony to be credible.

3. Sergeant Leonard Brezek is a patrol sergeant on the Riverdale police force with over 25 years of experience with the department. He testified at the trial and the Court finds

2

his testimony to be credible.

4. Ann Durkin lives across the alley from Plaintiffs at 13919 South Wabash, where she has resided since 1963. She testified the Plaintiffs' dogs were a neighborhood nuisance because they were constantly running loose, they were not adequately fenced in and were not groomed. As of May, 2000, more than a dozen animals regularly ran loose in Plaintiffs' backyard and nearby alleys. She stopped walking her own dog for fear of Plaintiffs' dogs. Plaintiffs' dogs were constantly barking at night and disturbing her sleep. She was present on the night of May 22, 2000, when Plaintiffs were arrested. She observed the events from her kitchen and later her backyard. She was a credible witness.

5. Officer Frank Nawoski is a twelve-year veteran of the Riverdale police force who was also present on the evening of May 22, 2000 when Plaintiffs were arrested. He testified at the trial and was a credible witness.

6. Clarence Haynes, a business associate of Phillips testified at the trial. He testified that Phillips was at his house that evening until after the local news. The Court finds this testimony credible.

### B.  RIVERDALE PET ORDINANCES

7. The Riverdale Code of Ordinances ("R.C.O."), Chapter 6.08, Section 230 prohibits more than three animals to any one household. Plaintiffs were in violation of this ordinance as of May 22, 2000 because they had over 10 pets at their house.

8. R.C.O. Chapter 6.08, Section 120 requires each owner of a dog or cat kept within

3

the Village to purchase a license for each pet, issued upon a showing of a certificate of inoculation against rabies. The license tag is required to be securely attached to the pet's collar. As of May 22, 2000, Plaintiffs were in violation of this ordinance because of all their pets, only one was licensed.

9. R.C.O. Chapter 6.08, Section 130 provides that all unlicenced dogs or cats be impounded.

10. Plaintiffs were the subject of a number of complaints to the police regarding their pets prior to May 22, 2000.

### C. THE EVENTS OF MAY 22, 2000

11. On May 22, 2000, at approximately 11:23 p.m., Officer Graziano was dispatched to Plaintiffs' residence in response to a complaint of stray dogs in the alley.

12. When Officer Graziano arrived, he found approximately seven dogs running loose in the alley. Officer Graziano attempted to catch the loose dogs in order to verify their tags and registration, but they ran into Plaintiffs' yard. The dogs were growling and showing their teeth. At some point while Officer Graziano was chasing the dogs, Phillips arrived. Officer Graziano advised Mr. Phillips that he needed to enter the yard to verify the dogs' registration. Mr. Phillips became verbally abusive, cursed the officer, and physically obstructed the officer's attempt to verify the dogs' registration. Mr. Phillips was placed under arrest.

13. Sgt. Leonard Brezek, Officer Frank Nawoski and Officer Reilly of the Riverdale Police Department arrived on the scene to assist Officer Graziano in taking the dogs into

4

custody. When the officers attempted to enter the yard to verify the dogs' registration and rabies tags, a number of dogs charged them in a vicious manner. The officers decided to take all of the dogs into custody. Officer Graziano called the Riverdale Fire Department for assistance in lighting up the yard and the Dolton Police Department for additional dog nooses. Officer Nawoski was bitten on the hand by one of the dogs. The officers took seven aggressive dogs into custody and turned them over to the Humane Society. Other dogs and cats fled into the neighborhood. The officers also observed through a broken basement window in Plaintiffs residence, numerous other dogs and a basement covered with animal feces.

14. During the course of apprehending the dogs, Mary Jenkins appeared on the back porch. Sgt. Brezek advised her that her son, Phillips, was in custody and to go back into her home so she would not get hurt by the dogs. Ms. Jenkins repeatedly refused to go back into her home. Ms. Jenkins then picked up a 4-foot sickle used to cut weeds with a razor-like edge and threatened to strike Sgt. Brezek if the officers did not release her son. She was thereupon placed under arrest and taken into custody.

15. Phillips was charged at the police station with the following: (1) Refusing the Right of Entry for Purposes of Apprehension of Straying Dogs in violation of 510 ILCS 5/17; (2) Disorderly Conduct in violation of Riverdale Code of Ordinances ("R.C.O.") Ch. 9.04, Section 010; (3) Keeping a Disorderly House in violation of R.C.O. Ch. 9.04 Section 340; (4) Failure to Purchase/Display Dog License in violation of R.C.O. Ch. 6.08, Section 120;

and (5) Limitation on Number of Dogs in violation of R.C.O. Ch. 6.08, Section 230. The Court finds probable cause existed for each of these charges against Phillips.

16. Jenkins was charged with the following: (1) Aggravated Assault in violation of 720 ILCS 5/12-2 and (2) Obstructing a Peace Officer in violation of 720 ILCS 5/31-1. The Court finds probable cause existed for these charges against Jenkins.

17. Plaintiffs were held in custody for several hours at the Riverdale Police Department. The Plaintiffs posted bond and were released from custody at approximately 4:55 a.m. on May 23, 2000.

18. No video recordings were made of Plaintiffs' arrests or their incarceration.

19. On October 5, 2000, Phillips entered a plea of guilty as to the charge of failing to purchase/display dog licenses. A finding of guilty was entered on the license charge by the Honorable Judge John D. Turner, Jr. of the Circuit Court of Cook County and the remaining charges against Phillips were stricken with leave to reinstate.

20. On September 15, 2000, the charges against Jenkins were *nolle prosequi*.

21. The Plaintiffs' residence was declared to be a public nuisance by the Inspectional Services Department of the Village of Riverdale and a Complaint for Demolition and Other Relief was filed against the Plaintiffs and their landlords by the Village of Riverdale on July 6, 2000. Plaintiffs were eventually forced out of the residence. Approximately 25 dead and alive dogs and cats were removed from the Plaintiffs' residence after the Plaintiffs evacuated the home.

## II. CONCLUSIONS OF LAW

22. Plaintiffs brought this action under 42 U.S.C. § 1983 claiming Defendants did not have probable cause to arrest them on May 22, 2000 and were maliciously prosecuted. Defendants deny the claims and assert four affirmative defenses.

### A. Defendants are Protected by the Qualified Immunity Defense

23. Defendants contend qualified immunity shields them from liability for Plaintiffs' arrest because they reasonably believed they had probable cause to arrest and seize Plaintiffs. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Biddle v. Martin*, 992 F.2d 673, 675 (7th Cir. 1993).

24. The threshold inquiry for a court ruling upon the qualified immunity defense is "taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156 (2001). If so, the next step is to ask whether the right was clearly established in light of the specific context of the case. *Id.* The test to determine whether a right is clearly established is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202.

25. Defendants do not dispute Plaintiffs had a clearly established right in May 2000 to be free from arrest without probable cause. Therefore, the issue before this Court is

7

whether Defendants' arrest of Plaintiffs was objectively reasonable. Qualified immunity shields Defendants if "a reasonable officer could have believed [Plaintiffs' arrest] to be lawful, in light of clearly established law and the information the arresting officers possessed." *Biddle*, 992 F.2d at 676. Furthermore, the burden of defeating an assertion of the affirmative defense of qualified immunity rests with the plaintiff. *Sparing v. Village of Olympia Fields*, 266 F.3d 684, 688 (7th Cir. 2001).

26. In Section 1983 actions for false arrest, probable cause need exist for either the charge plaintiff was arrested for or on a closely related charge. *Biddle*, 992 F.2d at 676. Therefore, if reasonable police officers would have believed they had probable cause to arrest Plaintiffs for keeping dogs without licenses (an offense with which Phillips' was charged), or for any related charge, Plaintiffs' Section 1983 claim must fail. *Id.*

27. The reasonableness of an arrest under the Fourth Amendment depends on two factors: 1) the officer having probable cause to believe the defendant committed or was committing an offense and 2) the officer having authorization by state or municipal law to effect an arrest for the offense. *Ricci v. Arlington Heights, Illinois*, 116 F.3d 288, 290 (7th Cir. 1997). The Fourth Amendment allows officers to make warrantless arrests for minor criminal offenses even if the offense is punishable only by a fine. *Marshall v. Teske*, __ F.3d __ (7th Cir. 2002) 2002 WL 461380 *5. Furthermore, because Illinois law does not differentiate between offenses punishable by fine only and offenses punishable by a term of imprisonment, it is reasonable for a police officer to arrest a person for violating a municipal

8

ordinance. *Ricci*, 116 F.3d at 290.

28. In this case, Plaintiffs' Section 1983 claims fail because Defendants are shielded with qualified immunity. As to Phillips, although the case law states Defendants do not have to show a reasonably objective basis for arresting Phillips as to each charge but only as to one, Defendants did meet the standard on all five charges. Furthermore, Defendants had probable cause to believe Phillips committed or was committing all five offenses and had authorization by state and municipal law to effect the arrest.

29. The testimony established numerous unlicensed vicious dogs were running through the alley behind Plaintiffs' home and in and out of Plaintiffs' backyard on May 22, 2000. The Plaintiffs' home was a haven for stray and wild dogs and was cluttered with debris and feces constituting a disorderly house. Defendants had a reasonably objective basis for believing they had probable cause to arrest Phillips for disorderly conduct and obstructing the officers right of entry to apprehend the stray dogs. Phillips verbally abused the officers, cursed the officer, and physically obstructed the officer's attempt to verify the dogs' registration.

30. Furthermore, Defendants were authorized by state and municipal law. The Illinois statute comprising the Animal Control Act contains in pertinent part: "[A]ny officer of the law may enter upon private premises to apprehend a straying dog or other animal, a dangerous dog or other animal, or a dog or other animal thought to be infected with rabies. If, after request therefor, the owner of such dog or other animal shall refuse to deliver the dog

9

or other animal to the officer, the owner shall be in violation of this Act." 510 ILCS 5/17. Therefore, Defendants met all the standards to arrest Phillips for refusing the right of entry for purposes of apprehending the stray dogs. Similarly, Defendants were authorized by the Riverdale Code of Ordinances chapters six and nine when they charged Phillips with disorderly conduct, keeping a disorderly house, failing to purchase/display dog license, and limitation on number of dogs.

31. Defendants also had an objectively reasonable basis to believe they had probable cause to arrest Plaintiff Jenkins for aggravated assault and obstructing a police officer. Jenkins waived a 4-foot sickle in the air and threatened to strike Sgt. Brezek. Defendants were authorized by two Illinois statutes to effect Jenkins' arrest: Aggravated Assault 720 ILCS 5/12-2 and Resisting or Obstructing a Peace Officer 720 ILCS 5/31-1.

**B.  Defendants had Probable Cause to Arrest Plaintiffs**

32. Even if Defendants were not entitled to qualified immunity as a defense to Plaintiffs' claims, the Defendants had probable cause to arrest Plaintiffs. For Plaintiffs to succeed on their Section 1983 claim, they must prove they were arrested without probable cause. *Booker v. Ward*, 94 F.3d 1052, 1057 (7th Cir. 1996). A law enforcement officer has probable cause to arrest a suspect when the totality of the facts and circumstances within his knowledge and of which he has reasonably trustworthy information is sufficient to warrant a prudent person in believing the suspect committed or was committing an offense. *Marshall v. Teske*, __ F.3d __ (7th Cir. 2002) 2002 WL 461380 *3. The Court evaluates probable

cause as the facts appeared to a reasonable person in the position of the arresting officer, seeing and hearing what the officer saw and heard. *Booker*, 94 F.3d at 1057-58. "When there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them," the court may conclude probable cause existed as a matter of law. *Id.*

33. In this case, Defendants had probable cause to arrest Plaintiffs. A reasonable person in the position of the Defendants, seeing numerous wild, vicious, and unlicensed dogs; seeing a debris fulled yard; hearing curse words and verbal abuse; seeing Phillips obstruct officer's attempt to verify the dogs' registration; seeing Jenkins pick up a 4-foot sickle; and hearing Jenkins threatening Sgt. Brezek would believe they had probable cause to arrest both Plaintiffs. *Id.* at 1057-58.

34. Furthermore, Phillips entered a plea of guilty as to the charge of failing to purchase/display dog licenses on October 5, 2000 and the Honorable Judge John D. Turner, Jr. of the Circuit Court of Cook County entered a finding of guilty on this license charge. The subsequent conviction of the charge bars Plaintiff from bringing both a Section 1983 claim and a malicious prosecution claim. *Jerricks v. Bollin*, 1994 WL 1174655 *2 (N.D.Ill. 1994) (finding the subsequent conviction bars plaintiff's claim for arrest without a warrant and malicious prosecution).

C.   **Plaintiffs Cannot Prove a Claim for Malicious Prosecution**

35. Plaintiffs claim they were maliciously prosecuted after their arrest on May 22,

11

2000. To state a claim for malicious prosecution under Section 1983, a plaintiff must demonstrate: (1) he satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). To state a claim for malicious prosecution under Illinois law, a plaintiff must allege: (a) he was subjected to judicial proceedings; (b) for which there was no probable cause; (c) the defendants instituted or continued the proceedings maliciously; (d) the proceedings were terminated in the plaintiff's favor; and (e) there was an injury. *Id.* The absence of any one of these elements bars a plaintiff from pursuing the claim. *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996).

36. Plaintiffs' cannot state a claim of malicious prosecution because they fail to demonstrate a claim under Section 1983 and under Illinois Law. Plaintiffs do not satisfy the first prong of the Section 1983 claim because they cannot prove the Illinois law requirements for malicious prosecution. Both Plaintiffs were subject to judicial proceedings; however, that is the only factor Plaintiffs meet. As established *supra*, probable cause existed for the arrest of both Plaintiffs. Defendants did not institute or continue the proceedings maliciously and, furthermore, never testified in any criminal proceeding related to the charges of May 22, 2000.

37. Moreover, the criminal proceedings were not terminated in Plaintiffs' favor. Illinois law requires the criminal proceeding upon which the malicious prosecution action

is predicated be terminated in a manner indicative of the innocence of the accused. *Sparing*, 266 F.3d at 692. In this case, Phillips entered a plea of guilty on the license charge and a finding of guilty was entered on this charge by the Honorable Judge John D. Turner, Jr. of the Circuit Court of Cook County. Thus, Phillips' case was not terminated in a manner indicative of his innocence, rather a finding of guilty was entered and he paid a fine.

38. The charges against Plaintiff Jenkins were *nolle prosequi*. *Nolle prosequi* "is not a final disposition of a case ... but is a procedure which reverts the matter to the same condition which existed before the commencement of the prosecution." *Swick*, 662 N.E.2d at 1242. Defendants cite *Khan v. American Airlines*, 639 N.E.2d 210, 214 (Ill. App. Ct. 1994) for the proposition that the striking of a case from a criminal docket on motion of the State with leave to reinstate is not a legal termination in favor of the defendant; however, in light of recent Illinois Supreme Court cases, *Khan* is no longer the controlling case in this area.[1] *Velez v. Avis Rent A Car System, Inc.*, 721 N.E.2d 652, 653 (Ill. App. Ct. 1999).

39. Illinois law now requires courts to look to the circumstances and nature of the prior disposition to determine whether it was a "favorable termination" of the proceedings. *Id.* In *Swick*, the Illinois Supreme Court addressed a matter of first impression, namely whether a *nolle prosequi* of a criminal charge constitutes a favorable termination in a malicious prosecution action. 662 N.E.2d at 1242. The *Swick* Court adopted the majority rule that

---

[1] The Court is disappointed by Defendants' research on this point and urges Defendants' counsel to be more careful with future submissions to this Court.

13

the abandonment of the proceedings is not indicative of the innocence of the accused when the *nolle prosequi* is the result of an agreement or compromise with the accused, misconduct on the part of the accused for the purpose of preventing trial, mercy requested or accepted by the accused, the institution of new criminal proceedings, or the impossibility or impracticability of bringing the accused to trial.

*Id.* at 1243. The burden of proof of a favorable termination remains with the plaintiff. *Id.* To meet this burden, plaintiff must establish *nolle prosequi* was entered for reasons consistent with her innocence. *Id.* Because of the lack of evidence at trial regarding the reasons for the entry of *nolle prosequi*, this Court finds Jenkins failed to meet her burden of proof of a favorable termination. The nolle prosequi order not stating its reasons for its entry coupled with Plaintiffs' lack of evidence for the reason of the entry, do not establish the criminal proceedings were terminated in a manner consistent with Jenkin's innocence. Lastly, Plaintiffs failed to establish any injury or damages.

40. Because Plaintiffs do not meet the first prong of the Section 1983 malicious prosecution test, it is unnecessary for this Court to address the second and third prong of the test.[2]

---

[2] Because this Court found Defendants were protected by Qualified Immunity, had probable cause to effect the arrest of Plaintiffs, and because Plaintiffs could not state a claim for malicious prosecution, it is unnecessary for this Court to address absolute witness immunity, public official immunity and immunity under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 *et seq.*

14

## III. CONCLUSION

Plaintiffs failed to prove their civil rights were violated or that they were maliciously prosecuted. Conscientious police officers performed their duty in a professional manner in the face of verbal and physical threats from Plaintiffs and their dogs. Accordingly, **this court directs that judgment be entered in favor of Defendants, Sergeant Leonard Brezek and Officer Richard Graziano, and against Plaintiffs, Eugene Phillips and Mary Jenkins, on Plaintiffs' complaint. Defendants are also awarded court costs.**

SO ORDERED THIS 16TH DAY OF APRIL, 2002.

_____
**MORTON DENLOW**
**United States Magistrate Judge**

**Copies Delivered in Open Court or Mailed to:**

Mary Jenkins
50 7th Avenue South
Apt. 217
Hopkins, MN 55343

**Pro Se**

Eugene Phillips
12952 S. Western Avenue
Blue Island, IL 60406-2417

**Pro Se**

Michael J. Meyer
David Edsey
Tribler Orpett & Crone, P.C.
30 North LaSalle Street, Suite 2200
Chicago, IL 60602

**Attorneys for Defendants**

15